ALICE PRICE v. GEORGE S. HOSMER, CIRCUIT JUDGE OF WAYNE COUNTY.

APPEAL FROM PROBATE COURT—DISMISSAL OF FOR FAILURE TO FILE TRANSCRIPT IN CIRCUIT COURT.

Relator applied for *mandamus* to compel the respondent to set aside an order dismissing her appeal from the refusal of the commissioners on claims to allow her claim filed against the estate of Andrew P. Coulter, late of Wayne county, deceased, because of relator's failure to file in the circuit court within 30 days after the appeal was taken the certified transcript as required by 3 How. Stat. § 6782. An order to show cause was granted, a hearing had November 10, 1896, on petition and answer, and on November 12, 1896, a writ of *mandamus* was denied.

*E. H. Sellers*, for relator, contended:

1. That the claim of appeal was regularly made, the required bond filed, and the appeal allowed; that the only objection urged in support of the motion to dismiss the appeal was that the exemplification of the record was not filed in the circuit court within the statutory 30 days; that this same question arose in *Snyder v. Circuit Judge*, 80 Mich. 511, and this Court said:

"We are disposed to give statutes allowing appeals a liberal construction, where that can be done without extending the letter of the statute, which we do not claim the right to do. With this purpose we shall hold that an appeal properly claimed, perfected, and allowed in the probate court ought not to be dismissed for a failure to file the record in the circuit court within the 30 days, provided the same should be filed before the motion to dismiss is actually heard."

That the motion to dismiss the appeal was not made until 10 months after the record had been filed in the circuit court, and not until the cause had been regularly noticed for trial and placed upon the docket for the January term, 1896; that the attention of the attorney for the estate was called verbally to the fact that the record had been filed; that while he, as shown by respondent's return, on the first day of said term called attention to the fact that the case was improperly on the calendar, no application to strike it therefrom was made until the motion to dismiss the appeal was made; that no substantial rights on the part of the estate were affected or lost by the delay in filing the record, nor was the trial of the appeal delayed, as it could not have been brought on for trial before the January, 1896, term of court.

That it was held in *Merriman v. Circuit Judge*, 96 Mich. 603, that the circuit court is not prevented from allowing an appeal to be taken and prosecuted even where no claim to prosecute it has been made; that this holding was made in the light of the fact that it was through the neglect or oversight of the attorney that the appellant had lost his right to an appeal.

2. The claim made in the affidavit attached to respondent's return that the estate has been closed, and that it only consisted of "a few hundred dollars, and a few worthless stock certificates," when the notice of trial of the appeal was served, cannot affect relator's right to appeal, the estate not having been caused any delay by any action on her part; that the reason for the delay in making this application was the poverty of the relator; and it is suggested that no time is known within the limits of which it cannot be made.

*John W. Anderson*, for respondent, contended:

1. That the application should be denied because:

*a*—Certified copies of the records of the disallowance appealed from, of the application for and bond on appeal, of order allowing the appeal, together with evidence that notice of such appeal had been given to the adverse party according to the order of the probate court, were not procured and filed by relator in the circuit court within 30 days after the allowance by the probate court of said appeal.

*b*—No application was made by relator to the circuit court within 10 days after the first day of the term next succeeding the expiration of said 30 days to reinstate said appeal because of the inability of relator, by reason of circumstances not under her control, to seasonably perfect said appeal, and secure personal service upon the administratrix.

*c*—No evidence that notice of said appeal had been given to said administratrix as ordered by the probate court was filed within the statutory 30 days, nor has it ever been filed in the circuit court.

*d*—That no jurisdictional waiver can be claimed by relator for the reason that the appeal was not noticed for trial at the next term of court after the allowance of the appeal, nor during any succeeding term of court, until the January, 1896, term, and on the first day of said term the motion to dismiss the appeal was made.

2. That an issue of fact is made between the attorney for relator and the attorney for the estate · as to the giving of verbal notice to said last named attorney of the filing of the record in the circuit court.

3. That from the foregoing facts this case is distinguishable from:

*a*—*Synder v. Circuit Judge*, 80 Mich. 511, where the appeal was noticed for trial at the next term immediately succeeding the expiration of the statutory 30 days; that no motion to dismiss the appeal was made until ten days after the first day of said term; that if it had been made within the ten days, the counsel for the appellant under the proviso clause in How. Stat. § 5911, might have applied for further time in which to perfect the appeal.

*b*—*Gorton v. Circuit Judge*, 97 Mich. 561, where the attorney for the appellee was held to have waived his right to insist on a dismissal of the appeal.

That this application is ruled by *Merriman v. Circuit Judge*, 95 Mich. 277.

4. That relator has been guilty of gross laches in deferring the making of this application until the estate has been closed, the administratrix discharged, the bond cancelled, and the distribution of the real estate made.

The facts as established by the petition and answer were:

1. That on January 23, 1894, Andrew P. Coulter died intestate, leaving an estate to be administered upon by the probate court of Wayne county.

2. That on February 27, 1894, Elizabeth J. Coulter, the widow of the decedent, who was a resident of Dakota,

was appointed administratrix of his estate; that commissioners on claims were appointed; that relator filed a claim of $1,150.00, or thereabouts, for services claimed to have been rendered the decedent by relator as his house keeper during several years prior to his death; that on November 23, 1894, said commissioners filed their report, in which they disallowed relator's claim.

3. That on January 11, 1895, relator applied to the probate court of Wayne county for an appeal from the decision of the commissioners, and filed the usual bond; that on the same day an order was entered approving said bond, allowing said appeal, and directing that the appellant give notice to said Elizabeth J. Coulter of the filing of said appeal and of the hearing thereof in the circuit court by personal service upon her of said notice.

4. That on March 19, 1895, relator caused to be filed in the office of the clerk of the circuit court copies of the following papers, namely, the commission issued to said commissioners, their report, the application for appeal, the bond on appeal, and the order of the probate court allowing the appeal, all of which were duly certified by the register of probate, and constituted all of the papers filed by relator in said court.

[The relator alleged in her petition that, owing to the non-residence of the administratrix, personal service of notice of filing said papers could not be served upon her, and appended to her petition the affidavit of her attorney, in which he reverred that a short time after said papers were filed deponent called the attention of the attorney for the estate verbally to such fact, and stated that deponent could, if necessary, file a common count declaration in order that no question might be made regarding the issue in the case, which declaration was afterwards filed. Respondent in his answer averred a want of personal knowledge as to the facts above set forth, and on information and belief, and as shown by the affidavit of the attorney for the estate attached to said answer, denied that any notice of the filing of said papers was given by relator or by her attorney. EDITOR.]

5. That upon the filing of said papers, and on March 19, 1895, said appeal was entered up by the clerk of the circuit court upon the record book customarily used for that purpose, and assigned a docket number in the files and records of the court.

[The respondent denied in his answer that said case was regularly noticed for trial, and averred that it was not so noticed for the April, June, or September, 1895, terms of court, nor until the January, 1896, term; and on information and belief, based upon the affidavit of the attorney for the estate appended to said answer, averred that no notice of trial was served upon the attorney for the estate by the relator or her attorney until the notice of trial for the January, 1896, term of court. EDITOR.]

6. That the case was on the docket for the January, 1896, term of court; that on the first day of said term the attorney for the estate orally requested the respondent to strike said cause from the docket, and dismiss said appeal; that the attorney for relator not being in court respondent requested the attorney for the estate to prepare a notice embodying his oral application, and serve a copy thereof on the attorney for relator, which said attorney consented to do, with the understanding that he waived no rights by reason of the motion not being entertained by respondent on the opening day of said term of court; that a *praecipe* for the entry of a motion to dismiss said appeal for the reason that the record was not filed within the statutory 30 days was entered, and notice thereof duly served upon the attorney for the relator.

7. That no evidence that notice of said appeal had been given by relator to the administratrix of said estate, as directed by the probate court, was procured and filed by relator or her attorney in the circuit court, as provided by 3 How. Stat. § 5911.

8. That no attempt to dismiss said appeal was made until 10 months or

thereabouts after said papers were filed, nor until the opening of the January, 1896, term of said circuit court.

9. That on March 4, 1896, respondent made an order dismissing said appeal.

10. That, as shown by the affidavit of the attorney for the estate attached to respondent's answer, the administratrix after the dismissal of said appeal proceeded to close up her trust; that on April 16, 1896, she filed her final account; that such proceedings were thereupon had as resulted in the hearing in open court of said account, its allowance, and the discharge on May 12, 1896, of said administratrix.

[Relator in her petition averred that she had a just claim against the estate; that it was not her fault, or because of any laches on her part, that the record was not seasonable filed; that there was practically no delay in the determining of her appeal, for the reason that, as she was informed and believed, the same could not have been reached sooner than the term when it was dismissed; that she was poor and without any means of support on her part; that she had relied upon her said claim for her support and maintenance, and could not lose it without great distress to herself. Respondent in his answer avers a want of personal knowledge as to the matters last stated. EDITOR.]